IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARKEEN ELLIOT,

                    PLAINTIFF,

      v.

RAYTHON INC. AND INTERNATIONAL
ASSOCIATION OF MACHINISTS AND
AEROSPACE WORKERS, AFL-CIO,

              DEFENDANTS.

*Notice of Removal*
*21-CI-006587*
*Jefferson Circuit Court, Division 9*

Case No. 3:21-cv-751-BJB

## NOTICE OF REMOVAL

Defendant Raytheon, Inc. ("Raytheon" or "Defendant"), incorrectly spelled Raython, Inc.,

notices the removal of this action under 28 U.S.C. §§ 1331, 1337, 1367, 1441 and 1446, and 29

U.S.C. §1132(e) to the United States District Court for the Western District of Kentucky, and, as

grounds therefore, states:

**I.**     **Timeliness of Removal**

      1.     About November 18, 2021, Plaintiff, Markeen Elliott ("Plaintiff"), filed a civil

action against Defendant in the Jefferson County Circuit Court, entitled *Markeen Elliot v. Raython*

*Inc., and International Association of Machinists and Aerospace Workers, AFL-CIO,* 21-CI-

006587.  A copy of the Complaint, Summons, Return of Service, and Docket are attached as

**Exhibit A**, as required under 28 U.S.C. § 1446(a).  These are the only process, pleadings, and

orders served on Defendant in this action.

      2.     Defendant was served with the Complaint on November 23, 2021 by certified mail.

Plaintiff filed the return of service notice on November 29, 2021.

3. Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II. Venue

4. The Jefferson County Circuit Court is located within the Louisville Division of the Western District of Kentucky.  28 U.S.C. § 97. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. Basis for Removal:  Federal Question Jurisdiction under the LMRA and the ADA

5. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1337, which provides, "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce …."

6. Plaintiff's Complaint arises under a law of the United States regulating commerce, Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *et. seq.* ("LMRA" or "Section 301"), and therefore this Court has original jurisdiction under 28 U.S.C. §§ 1331, and 1337, and the action is removable under 28 U.S.C. § 1441(a).

7. Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization … may be brought in any district court of the United States having jurisdiction of the parties without respect to the amount in controversy or without regard to the citizenship of the parties.

8. In addition to suits between labor organizations and employers, Section 301 also creates a direct cause of action between an employee and an employer for breach of a collective

bargaining agreement.  *DelCostello v. Int'l Brotherhood of Teamsters*, <u>462 U.S. 151, 163-64</u> <u>(1983)</u>.

9.      Section 301 not only grants federal court jurisdiction, but it also completely preempts two types of state law claims: (a) those alleging the breach of a collective bargaining agreement, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, <u>463 U.S. 1, 23</u> (1983) ("The preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization"); *Vaca v. Sipes*, <u>386 U.S.</u> <u>171, 188-93</u> (1967); and (b) those whose resolution are substantially dependent upon an analysis of such an agreement. *Lingle v. Norge Div. of Magic Chef, Inc*., <u>486 U.S. 399, 405-06</u> (1988); *see also International Brotherhood of Electrical Workers v. Hechler*, <u>481 U.S. 851, 858</u> (1987) (state law claims preempted if "inextricably intertwined" with consideration of terms of labor contract); *Allis-Chalmers Corp. v. Lueck*, <u>471 U.S. 202, 213</u> (1985) (same).

10.      Artfully pleaded claims for breach of a collective bargaining agreement or claims that require interpretation of a bargaining agreement are inextricably intertwined with the agreement.  *Caterpillar, Inc. v. Williams*, <u>482 U.S. 386, 393</u> (1987).  Even suits based on torts rather than on breach of a collective bargaining agreement are governed by federal law if their evaluation is "inextricably intertwined with consideration of the terms of [a] labor contract." *Allis-Chalmers Corp.*, <u>471 U.S. at 210-11</u>.

11.      In Paragraph 47 of the Complaint, Plaintiff specifically alleges that the Union's actions constitute violations of the "labor and management act." Although not specifically stated, the "act" Plaintiff refers to is the LMRA. Plaintiff further refers to the grievance procedure contained in the collective bargaining agreement between Raytheon and the International Association of Machinists and Aerospace Workers, AFL-CIO ("the Union"). In Paragraph 26,

Plaintiff alleges that he filed a grievance with the Union that specifically related to the termination of his employment. Plaintiff alleges Raytheon terminated his employment due to his COVID-19 protections and disability.

12.     Another basis for removal exists because Plaintiff claims he is an individual with a qualified disability under the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"). While Plaintiff only *alleges* disability discrimination under the Kentucky Civil Rights Act, a state law claim, in Paragraph 35 of the Complaint, he states that he is "disabled or regarded as disabled as defined by…the Americans with Disabilities Act." This suggests Plaintiff is making out a claim under the ADA. A claim arising under the ADA, creates a federal question under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441 (a).

13.     Plaintiff's remaining state law claims for wrongful termination in violation of public policy, retaliation, disability discrimination under the Kentucky Civil Rights Act, and intentional infliction of emotional distress, are preempted by the Section 301 of the LMRA because they are "inextricably intertwined with consideration of the terms of [a] labor contract," and/or they are claims that assert a violation of the bargaining agreement.

14.     Although the well-pleaded complaint rule normally requires a federal question appear on the face of the complaint for removal, an exception to the general rule – the complete preemption doctrine – applies when Congress has, as in cases under Section 301 of the LMRA, "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Caterpillar Inc. v. Williams*, 492 U.S. 386, 393-394 (1987) (complete preemption corollary to well-pleaded complaint rule permits removal of claim for breach of collective bargaining agreement even if complaint does not refer to § 301); *Vera v. Saks & Co.*, 335 F.3d

109, 114 (2d Cir. 2003) ("if plaintiff's state 'claims are preempted by section 301, federal jurisdiction exists and the removal of his case was proper.'"); *Williams v. Comcast Cablevision of New Haven, Inc*., 322 F. Supp. 2d 177, 182 (D. Conn. 2004).

15.     Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1331, and the action is removable under 28 U.S.C. § 1441(a).

**IV.    Supplemental Jurisdiction**

16.     Alternatively, if this Court determines that any of Plaintiff's claims are not completely preempted by Section 301, this Court would have supplemental jurisdiction over those claims.  Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution."  State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

17.     Here, Plaintiff's state law claims for wrongful termination in violation of public policy, retaliation, disability discrimination under the Kentucky Civil Rights Act, and intentional infliction of emotional distress relate closely to his LMRA claim.  The claims all arise out of a common nucleus of operative facts surrounding Plaintiff's termination from employment and the grievance procedure.  Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff's state law claims raise neither novel nor complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling

5

reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

**V.      Consent of All Defendants**

18.      The only other defendant, the International Association of Machinists and Aerospace Workers, AFL-CIO, has not been served, and no counsel has appeared on its behalf.

**VI.     Conclusion**

19.      To date, the removing Defendant has not filed responsive pleadings in the State Court Action, and no other proceedings have transpired in that action.

20.      In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon Plaintiff and filed with the Clerk of the Jefferson County Circuit Court.  A copy of Defendant's notice of filing to the state court is attached as **Exhibit B**.

21.      By removing this matter, Defendant does not waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant, Raytheon, Inc., respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Jefferson County Circuit Court to the United States District Court for the Western District of Kentucky.

Respectfully submitted,

/s/ *Rachel Ehlermann*
Rachel E. Ehlermann, KY No. 99247
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
317-916-1300
317-916-9076 *(facsimile)*
rachel.ehlermann@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, the foregoing was filed electronically, and a copy of this filing was sent to the following, via First Class U.S. Mail, postage prepaid:

Brandon Edwards
3046 Breckenridge Lane Ste. LL1
Louisville, KY 40220
*brandonedwardslaw@gmail.com*

/s/ *Rachel Ehlermann*